PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| J.C. SANDERS, *et al.*, ) | |
| ) | CASE NO. 5:23CV1923 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| SUMMIT COUNTY ) | |
| SHERIFF'S OFFICE, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF Nos. 2, 5, 6, and 7] |

### I. Background

*Pro Se* Plaintiffs J.C. Sanders ("Sanders") and Lachanda Gales ("Gales") filed this civil rights action under 42 U.S.C. § 1983, 10 U.S.C. § 897, and 18 U.S.C. §§ 241 and 242 against the Summit County Sheriff's Office and Deputy Sheriff Breedan.[1] The Complaint (ECF No. 1) is brief. The Statement of Claim for both Plaintiffs is only nine sentences. *See* ECF No. 1 at PageID #: 6. Sanders alleges that the Summit County Sheriff's Office used excessive force to remove him from the courtroom following a state court bond revocation hearing and drove recklessly to the jail. He contends this resulted in broken ribs and a concussion. Sanders asserts that he was handcuffed to the floor for 13 hours and his requests for medical care were denied.

---

[1] Plaintiffs identify this individual as the Summit County Sheriff. The Summit County Sheriff in September 2023, however, was and currently is Kandy Fatheree. *See* https://sheriff.summitoh.net/pages/Sheriff-Kandy-Fatheree.html (last visited March 26, 2024). If Breedan is employed by the Summit County Sheriff's Office, he is not Sheriff.

(5:23CV1923)

Gales alleges Breedan repeatedly pushed her as she was leaving the courtroom. *See* ECF No. 1 at PageID #: 6. Plaintiffs seek monetary damages.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound

2

(5:23CV1923)

to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

#### A.

Sanders submitted an Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2); however, he did not make a sincere attempt to complete the form. Gales did not complete an IFP Application. Therefore, the Court ordered Plaintiffs to either pay the full filing fee of $402, or to each accurately complete and submit IFP Applications. *See* Order (ECF No. 4).

Plaintiffs each timely filed an IFP Application. *See* ECF Nos. 5 and 6. These Motions are granted.

#### B.

#### 1.

Sanders asserts his claims against the Summit County Sheriff's Office. The Sheriff's Office, however, is not *sui juris*, meaning it is not a legal entity created by Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 Fed.Appx. 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Boggs v. Miami Cty. Jail*, No. 3:11cv00122, 2011 WL 3813079, at *2 (S.D. Ohio Aug. 9, 2011) (a county jail "is merely an administrative vehicle" by which a county operates and

3

(5:23CV1923)

therefore "lacks the capacity to be sued"). Because Sanders asserts his claims only against an entity that lacks the capacity to be sued, his claims fail as a matter of law.

Even if the Court construed Sanders' claims as against Summit County, they would still be dismissed. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The Complaint (ECF No. 1) contains no suggestion of a custom or policy of Summit County which may have resulted in the deprivation of Sanders' constitutional rights.

**2.**

Although Gales asserts her claims against Breedan, she fails to state a claim upon which relief may be granted. She cites to 42 U.S.C. § 1983, 10 U.S.C. § 897, and 18 U.S.C. §§ 241 and 242. To state a claim under § 1983, Gales must identify a federal constitutional right that she believes this Defendant violated. Gales has not identified any constitutional provision and none is apparent from the face of the Complaint (ECF No. 1). The second statute cited, 10 U.S.C. § 897, pertains to military personnel and court martials. Gales gives no indication that she is in the

4

(5:23CV1923)

military. This statute is not applicable to the facts of this case. Finally, 18 U.S.C. §§ 241 and 242 are criminal statutes. They do not provide a private cause of action in a civil case. *See United States v. Oguaju*, No. 02-2485, 2003 WL 21580657, at *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiffs' IFP Applications (ECF Nos. 5 and 6) are granted. Sanders' original IFP Application (ECF No. 2) and Gales' Motion to File Electronically (ECF No. 7) are denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| March 26, 2024 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |